## EAST OHIO GAS CO v DANIEL

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10272. Decided November 13, 1929

Messrs. Tolles, Hogsett & Ginn, Cleveland, for Gas Co.

Mr. Irwin Greene, Esq., Cleveland, for Daniel.

(See also East Ohio Gas Co v Daniel, 7 Abs 691.)

VICKERY, PJ.

Since writing the opinion in this case and entering a reversal of the judgment on the ground of contributory negligence upon the part of the defendant in error, it is claimed by counsel for the defendant in error that, inasmuch as but two members of the court concurred in that opinion, it in effect amounted to a reversal on the weight of the evidence. Such a thought had not occurred to any member of the court. We do not intend nor did we think that we were reversing the case on the weight of the evidence, but inasmuch as that is the claim the court has seen fit to vacate the entry of October 21st, 1929 and make an entry as of the date of November 12th, 1929, basing the reversal upon two grounds, both of which existed at the time of the hearing. One is upon the admission of the testimony of the plumber who testified with respect to the control over the pipes after leaving the main into the dwelling house and testified that those pipes were under the control of the Gas Company. Objection was made to this testimony but the testimony was admitted. It was clearly erroneous for the reason that the plumber was not in the employ of the Gas Company and he knew nothing about the matter and the admission of this testimony would tend to fix liability upon the part of the Gas Company by a witness who had no authority to bind it nor was in any way connected with it, and he as a matter of fact knew nothing about it.

This phase of the case was touched upon in the former opinion and so the reversal of the judgment of the Municipal Court is based upon the error of the court in the admission of the testimony of the plumber as to the control of the Gas Company over these pipes, and for the further reason that there was contributory negligence as a matter of law on the part of the defendant in joining with his brother in searching for a gas leak when one of the parties lighted a match which caused the explosion.

For these two reasons the judgment of the court will be reversed and the cause remanded to the Municipal Court for further proceedings.

Sullivan, J., concurs. Levine, J., dissents.

## TRAPP v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9224. Decided January 21, 1929

A. R. Edgerton, Esq., Cleveland, for Trapp.

E. C. Stanton, Esq., Cleveland, for State.

### EPITOMIZED OPINION

Where defendant was convicted of manslaughter resulting from alleged careless driving of automobile, held not to be error to refuse to introduce in evidence an ordinance describing a closely built up section on the theory that the ordinance did not include the spot where the fatality occurred, it being a question of fact whether or not a place is closely built up.

Nor is it error for the court to fail to instruct as to contributory negligence of the deceased, before argument, since contributory negligence is not an element in a criminal prosecution.

Opinion by VICKERY, J.
SULLIVAN, P. J. concurs.
LEVINE, J. dissents.